UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

ROBERT L. EMERY, JR.,                                              Case No. 2:23-cv-01958-MC

        Plaintiff,                                                                   ORDER

    v.

GABRIELL GITNESS, BHS Health Services
Assistant Administrator, (ODOC); CHRISTY
HUTSON, Behavioral Health Services (BHS)
Assistant Administrator; ELIZABETH
COLEMAN, Mental Health Specialist; ERIN
REYES, Superintendent, Two Rivers
Correctional Institution (TRCI); K. BOLSON,
Corporal, TRCI; MARK NOOTH, Institutions
Administrator, Oregon Department of
Corrections (ODOC); MARLENE AGUIAR
BHS Counselor, TRCI; JOSEPH BUGHER,
Health Services Assistant Director, (ODOC);
Sgt. ROBERTS, Security, TRCI; LT. HAZEN,
Security; CORPORAL FARELY; C/O PHILLIPS,
correctional officer at TRCI; JOHN and JANE
DOES, ODOC/TRCI Staff and or Contractors;
CARA PETERSON, ODOC/TRCI BHS Staff.,

        Defendants.

1   - ORDER

MCSHANE, Chief Judge.

Plaintiff, an adult in custody (AIC) at the Two Rivers Correctional Institution (TRCI), files this action pursuant to 42 U.S.C. § 1983 and alleges that Defendants denied Plaintiff adequate mental health treatment and deprived Plaintiff of his civil rights in retaliation for his grievances and lawsuits against Oregon Department of Corrections (ODOC) officials. Plaintiff's Complaint fails to state a viable claim for relief, and he is allowed the opportunity to amend his allegations.

## DISCUSSION

This Court must dismiss an action initiated by an AIC seeking redress from a governmental entity or officer or employee, if the Court determines that the action (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). Dismissal of a pro se complaint for failure to state a claim "is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him to relief." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). The Court must construe pro se pleadings liberally and afford the plaintiff "the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citation omitted). "Unless it is absolutely clear that no amendment can cure" defects in the complaint, "a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam).

To state a civil rights claim under § 1983, Plaintiff must allege that 1) a person acting under color of law 2) deprived him of a federal constitutional right. 42 U.S.C. § 1983; *Stein v. Ryan*, 662 F.3d 1114, 1118 (9th Cir. 2011). Plaintiff alleges that numerous Defendants 1)

conspired to deprive Plaintiff of his constitutional right to due process and constitutional protections against retaliation and cruel and unusual punishment; 2) deprived him of due process by issuing "bogus" disciplinary reports and placing him in disciplinary segregation; 3) subjected him to discipline and revoked his housing status in retaliation for his protected conduct; and 4) failed to provide him adequate mental health treatment.

Generally, Plaintiff's Complaint fails to comply with Federal Rule of Civil Procedure 8(a), which requires Plaintiff to set forth his claim in a *short and plain statement* showing that he is entitled to relief. Plaintiff's Complaint is mostly a rambling narrative that does not allege sufficient facts to allow the Court to draw the reasonable inference that the named Defendants are liable for the misconduct alleged.

First, Plaintiff alleges no facts plausibly suggesting that the Defendants had a "meeting of the minds" with the intent to deprive Plaintiff of his constitutional rights. Plaintiff instead relies on unsupported and conclusory assertions that his lawsuits "caused immense anger amongst certain staff" at TRCI and provided them with the opportunity to conspire against him. Compl. at 7; *see also id.* at 10-11. Plaintiff alleges no facts to support these assertions and they are insufficient to state a claim for conspiracy.

Second, Plaintiff alleges a due process claim arising from his placement in disciplinary segregation after Defendants Phillips and Hazen issued a misconduct report and Plaintiff was found guilty of assaulting Phillips. However, an AIC is entitled to procedural due-process protections only when a prison-disciplinary action "implicates a protected liberty interest in some 'unexpected matter' or imposes an 'atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'" *Serrano v. Francis*, 345 F.3d 1071, 1078 (9th Cir. 2003) (quoting *Sandin v. Conner*, 515 U.S. 472, 484 (1995)). It is well established that placement in

3    - ORDER

disciplinary segregation does not implicate a liberty interest because it "falls within the terms of confinement ordinarily contemplated by a sentence." *May v. Baldwin*, 109 F.3d 557, 565 (9th Cir. 1997); *Resnick v. Hayes*, 213 F.3d 443, 448-49 (9th Cir. 2000) (placement in segregated housing pending a disciplinary hearing did not implicate a protected liberty interest). To the extent Plaintiff claims that the misconduct report was issued for retaliatory purposes, such conduct is addressed by Plaintiff's claim of First Amendment retaliation.

Third, Plaintiff alleges that Defendants Phillips, Hazen, Farley, and Peterson issued misconduct and conduct reports against him in retaliation for his prior complaints and lawsuits. Plaintiff also alleges that Defendants Roberts, Coleman, and Gitness made false accusations against Plaintiff and removed him from the TRCI Mental Health Unit (MHU) in retaliation for Plaintiff's advocacy efforts on behalf of himself and other AICs.

To state a viable claim of First Amendment retaliation, Plaintiff must allege five basic elements: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted). Plaintiff does not allege facts to support these elements.

While Plaintiff makes conclusory allegations that the Defendants were "angered" and "infuriated" by his prior complaints and lawsuits, he alleges no facts plausibly suggesting that the named Defendants were motivated by retaliatory animus and took action against Plaintiff "because" of his protected conduct. The fact that Defendants were aware of Plaintiff's advocacy, without more, does not establish the requisite element of causation.

4    - ORDER

Fourth, Plaintiff alleges that he was denied necessary mental health treatment in violation of his rights under the Eighth Amendment when he was moved from the MHU.

Prison officials and physicians violate the Eighth Amendment's proscription against cruel and unusual punishment when they act with deliberate indifference to an inmate's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). Deliberate indifference is established when a prison official knew that a prisoner faced a "substantial risk of serious harm" and disregarded that risk by failing to take reasonable measures to abate the risk. *Farmer v. Brennan*, 511 U.S. 825, 847 (1994). "Under this standard, the prison official must not only 'be aware of facts from which the inference could be drawn that a substantial risk of harm exists,' but that person 'must also draw the inference.'" *Toguchi v. Soon Hwang Chung,* 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting *Farmer,* 511 U.S. at 837).

In the context of medical treatment, prison officials may demonstrate deliberate indifference by denying, delaying, or intentionally interfering with medical treatment, or by the manner in which they provide medical treatment. *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006); *Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002). In any case, the indifference to an AIC's medical needs must be substantial; inadequate treatment due to negligence, inadvertence, or differences in judgment between an AIC and medical personnel does not rise to the level of a constitutional violation. *Gamble*, 429 U.S. at 105-06; *Toguchi*, 391 F.3d at 1057.

Plaintiff alleges that, after he was moved from the MHU, he immediately tried to hang himself in his new cell. A passing inmate saw Plaintiff and notified TRCI staff. Plaintiff was examined by an TRCI nurse and eventually transported to a hospital emergency room. Compl. at 12. Plaintiff alleges that Defendants Coleman, Roberts, and Gitness knew or should have known

5   - ORDER

that Plaintiff would react with suicidal tendencies when placed under stress, and that Defendants moved him from the MHU in conscious disregard of this risk. *Id.* at 13.

Again, Plaintiff fails to allege facts plausibly suggesting that Defendants had the requisite culpable state of mind to establish deliberate indifference, i.e., that they knew of and consciously disregarded a substantial risk of serious harm to Plaintiff's health. Plaintiff does not allege how or why Defendants knew of Plaintiff's risk of self-harm and he does not allege that Defendants were aware of specific circumstances that made the risk obvious to them. In short, Plaintiff does not allege facts showing that Defendants' choice to move Plaintiff from the MHU was "medically unacceptable under the circumstances" and was made "in conscious disregard of an excessive risk" to Plaintiff's health. *Hamby v. Hammond*, 821 F.3d 1085, 1092 (9th Cir. 2016) (citation omitted).

Finally, Plaintiff does not allege facts plausibly suggesting that Defendants Huston, Reyes, Bolson, Nooth, Aguiar, or Bugher personally participated in the alleged constitutional deprivations. Plaintiff is advised that liability under § 1983 arises upon a showing of personal participation by each defendant, and a supervisor is not liable for the constitutional violations of employees unless the supervisor "participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Plaintiff must allege that each named Defendant, through his or her own individual actions, violated Plaintiff's constitutional rights.

I cannot find that amendment would be futile, and Plaintiff is afforded the opportunity to amend his allegations. Plaintiff's Amended Complaint must include a short, plain statement telling the Court: (1) the constitutional right Plaintiff believes was violated; (2) the name of the person who violated the right; (3) exactly what the individual did or failed to do; (4) how the

action or inaction of the individual caused the violation of Plaintiff's constitutional rights; and (5) what specific injury Plaintiff suffered because of the individual's conduct.

## CONCLUSION

Plaintiff's allegations do not state a viable claim for relief under § 1983, and his claims are DISMISSED. Within thirty days from the date of this Order, Plaintiff may submit an Amended Complaint curing the deficiencies noted above. Plaintiff is advised that the failure to do so will result in the dismissal of this proceeding, with prejudice.

IT IS SO ORDERED.

DATED this 7th day of March, 2024.

s/ Michael J. McShane
MICHAEL J. MCSHANE
United States District Judge

7    - ORDER